**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Musab Mohammed MASMARI,**
**Defendant–Appellant.**

No. 14–30155.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 2015.

Filed July 17, 2015.

Helen J. Brunner, Esquire, Assistant U.S., Todd Greenberg, Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Charles Davidson Swift, Swift & Mcdonald, P.S., Richardson, TX, for Defendant–Appellant.

* The Honorable Cormac J. Carney, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Before: NGUYEN and FRIEDLAND, Circuit Judges and CARNEY,* District Judge.

### MEMORANDUM **

Musab Mohammed Masmari pled guilty to a single count of arson, 18 U.S.C. § 844(i). He appeals his above-Guidelines sentence of 120 months' imprisonment followed by 3 years of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Because Masmari failed to object below, we review whether the district court complied with Federal Rule of Criminal Procedure 32(h) for plain error. *United States v. Evans–Martinez,* 530 F.3d 1164, 1167 (9th Cir.2008). Even assuming that the district court failed to adhere to the strict letter of Rule 32(h), the error did not "affect[ ] [Masmari's] substantial rights," *see Evans–Martinez,* 530 F.3d at 1167 (quoting *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005) (en banc)), because Masmari has not demonstrated "the probability of a different result ... sufficient to undermine confidence in the outcome" of the sentencing. *Ameline,* 409 F.3d at 1078 (quoting *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)). The plea agreement established that the parties would jointly recommend the mandatory minimum of 60 months' imprisonment. Thus, the primary issue at sentencing was whether a longer sentence should be imposed. This issue was thoroughly ad-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dressed in the PSR, the parties' sentencing memoranda, and at the hearing. As a result, the underlying purpose of Rule 32(h)—"to ensure that issues with the potential to impact sentencing are fully aired," *Evans–Martinez*, 530 F.3d at 1168—was served in this case, and Masmari failed to show a "probability of a different result" sufficient to justify reversal on plain error review.[1] *See Ameline*, 409 F.3d at 1078.

Masmari's sentence was otherwise procedurally reasonable. *See United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir.2010). The district court adequately explained the sentence imposed, discussing the factors set forth in 18 U.S.C. § 3553 as they related to Masmari and the offense conduct. *See, e.g., Gall v. United States*, 552 U.S. 38, 53–56, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Moreover, the district court did not cross-reference to the Guideline for attempted murder. *See* U.S. Sentencing Guidelines Manual §§ 2A2.1, 2K1.4(c) (2013). It merely observed in passing that the sentence imposed was close to what the sentence would have been if the cross-reference had been used. Thus, Masmari was not entitled to an evidentiary hearing as to whether he acted with the "inten[t] to cause death or serious bodily injury." *Id.* § 2K1.4(c). Similarly, the district court did not impose a hate crime enhancement pursuant to Guideline § 3A1.1, so no evidentiary hearing was required as to a potential hate crime motivation.

Finally, reviewing for abuse of discretion, *United States v. Autery*, 555 F.3d 864, 868–71 (9th Cir.2009), we conclude that the sentence was substantively reasonable, particularly in light of the large number of lives endangered by Masmari's conduct. *See generally* 18 U.S.C. § 3553(a); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc).

**AFFIRMED.**

---

1. The government conceded plain error in *Evans–Martinez*, 530 F.3d at 1167–68, so all that remained for the court to consider was whether the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings," *id.* at 1167 (quoting *Ameline*, 409 F.3d at 1078). Thus, *Evans–Mar-*

*tinez* does not stand for the proposition that a technical violation of Rule 32(h) always requires reversal on plain error review.